Harper, J.
delivered the opinion of the Court.
The act of the Legislature, on the subject of dower, provides that the commissioners “ shall have power, and they are hereby authorized and required, in the admeasurement aforesaid, to have relation and regard to the true and real value of the lands in question; and when the same cannot, in the opinion of a majority of them, be fairly and equally divided without manifest disadvantage, then they, or a majority of them as aforesaid, shall assess a sum of money, to be paid to the widow in lieu of her dower.” Act of 1786, P. L. 409. It has, I believe, been the uniform practice of commissioners, in executing writs of admeasurement of dower, to return an assessment of the entire value of the laud, as well as the sum of money given in lieu of dower; and thé writs ordinarily issued give that direction to the commissioners. In the case of Wright v. Jennings, decided by this Court in 1829, Judge Nott expresses his opinion, that they ought to make a return of the appraised value of the land, that the Court may know the basis of the assessment. Without it, the Court connot determine, whether they have “ had relation and regard to the true and real value of the land.” We think therefore, that on this point, the decision of the Circuit Court must be reversed. We are of opinion, however, that if the commissioners did go upon the land, and appraise its value, they may be permitted to amend their return, so as to shew their assessment.
With respect to the allowance of interest on the sum assessed in lieu of dower, it has been determined in the case of Heyward v. Cuthbert, 1 M‘C. 386, and in the case of Wright v. Jennings, before referred to, that the vyidow cannot recover interest at law. The acts of the Legislature of 1824 and 1825, relate only to cases in which the husband has aliened the land during the coverture, and cannot apply where he died seized. ¡
The motion must therefore be granted on this ground also, and the cause remanded.